PEOPLE, PLAINTIFF AND APPELLEE, *v.* ASTACIO, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in a Prosecution for Assault and Battery.

No. 1427.—Decided December 15, 1919.

APPEAL—CONFLICTING EVIDENCE.—If there is a conflict in the evidence, although it may be confined to the testimony of the principal witness and of an expert physician, both testifying in behalf of the government, the general rule should be applied that the weighing of the evidence by the lower court will not be disturbed on appeal.

The facts are stated in the opinion.
*Mr. José Ruiz de Vall* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Atilano Astacio was charged with an aggravated assault and battery inasmuch as he attacked Sinforoso Figueroa with a machete, a deadly weapon, producing wounds. The appeal turns on questions of fact, the appellant maintaining

that Sinforoso Figueroa was the aggressor and that the appellant only acted in self-defense.

Indeed, the principal and apparently indispensable witness for the Government is the prosecuting witness and he makes a statement in sharp contradiction with the medical expert.    Sinforoso Figueroa, who says he is ambidextrous, in the struggle that arose between the two men, both bearing *machetes,* dropped his weapon to the ground, his left arm having been previously wounded in the same struggle.    He told the court that he picked up the weapon with his wounded hand and proceeded to defend himself with it.    The expert says that the hand was in such a condition that it would have been impossible for the prosecuting witness to use it.    Likewise the same witness said that he struck only two blows and the proof shows a greater number inflicted on appellant. There were other apparent conflicts between the expert and the prosecuting witness analyzed by the appellant to show that the prosecuting witness was testifying falsely and hence that the record shows a case of self-defense on the part of the appellant.

However, the right and duty of the trial court is to weigh the conflict in the evidence, even when there is a conflict between an expert witness and an eye-witness and also when they are, as here, both Government witnesses.    In the absence of a clear conviction that the court believed that the hand or wrist of the prosecuting witness was immediately rendered useless we cannot take that fact for granted.    The court had a right to believe that the doctor was partially mistaken. *People* v. *Sutton,* 17 P. R. R. 327.    A doctor only testifies from the inspection he makes after the fact.

Apart from all this the prosecuting witness may have been giving mistaken testimony, or, to protect himself, even partially false testimony.    Yet the court had a right to believe from his statements along with the other proof that the defendant was the aggressor; or, not being the aggressor, used more force than necessary to defend himself.

There is no testimony except his own to show that he was in such reasonable fear of the other man that he felt impelled in self-defense to inflict all the blows revealed by the testimony.

The evidence, besides, justifies the theory of a mutual combat into which the two men entered willingly.

The judgment must be

*Affirmed.*

Chief. Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.